UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| SYLVESTER L. EVANS, JR. | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER: 18-4166 |
| LOUISIANA STATE | | SECTION: "E" (3) |

REPORT AND RECOMMENDATION

Considering the Application to Proceed **In Forma Pauperis [Doc. #3]**,

IT IS ORDERED that:

**X**     the motion is GRANTED; the party is entitled to proceed **in forma pauperis**.

☐     the motion is MOOT; the party was previously granted pauper status.

☐     the motion is DENIED; the party has sufficient funds to pay the filing fee.

☐     the motion is DENIED; the party is not entitled to proceed **in forma pauperis** for the listed reasons:

_____

_____

_____

The Clerk of Court is directed to withhold summons.

*Pro se* plaintiff Sylvester L. Evans, Jr. filed the above-captioned matter in this Court. While Evans styles his complaint as a "Notice to Remove," he sues the New Orleans Police Department ("NOPD") and the State of Louisiana for violations of his civil rights. While this Court would normally issue a rule to show cause in this situation, doing so here would be an exercise in futility

1

given that there is no route for Evans to take to cure his complaint.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Because Evans alleges that the State of Louisiana and the NOPD violated his civil rights,

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

he grounds jurisdiction under 42 U.S.C. § 1983. Under that statute, however, neither defendant is a proper party here.

The NOPD is simply not a legal entity capable of being sued. *Everson v. N.O.P.D. Officers (Names Unknown)*, Civ. A. No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); *Atkinson v. NOPD*, Civ. A. No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); *Banks v. United States*, Civ. A. No. 05-6853, 2007 WL 1030326, at * 11 (E.D. La. Mar. 28, 2007); *Manley v. State of Louisiana*, Civ. A. No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).

And the State of Louisiana is not a proper defendant in a Section 1983 action for two reasons. First, a state is not a "person" subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992); *Tyson v. Reed*, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any Section 1983 claim by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *Tyson*, 2010 WL 360362, at *3. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* La. Rev. Stat. Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

3

*Cozzo*, 279 F.3d at 281 (quotation marks and citations omitted). Accordingly, because Evans can not sue the NOPD or the State of Louisiana in federal court under Section 1983,

**IT IS RECOMMENDED** that the complaint of Sylvester L. Evans, Jr. be DISMISSED WITHOUT PREJUDICE for failure to state a claim and for seeking monetary relief from a defendant who is immune from such relief.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 9th day of May, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**