## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SYLVESTER L. EVANS, JR.,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4166** |
| **LOUISIANA STATE, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

### ORDER

Before the Court is a complaint filed by pro se Plaintiff Sylvester L. Evans, Jr.[1] Plaintiff was charged with criminal trespass in Orleans Parish, Louisiana, and now seeks to remove his criminal case to this Court, arguing his arrest violates his civil rights.[2] As removal is not feasible under such circumstances, the Court construes Plaintiff's filing as a claim brought against the State of Louisiana and the New Orleans Police Department ("NOPD") pursuant to 42 U.S.C. § 1983.[3] Plaintiff's complaint was referred to the U.S. Magistrate Judge who issued his Report and Recommendation on May 9, 2018.[4] In his Report and Recommendation, Magistrate Judge Knowles concluded Plaintiff's complaint should be dismissed without prejudice.[5] Plaintiff filed a timely notice of objection on May 24, 2018.[6]

In his complaint, Plaintiff argues that his civil rights were violated when he called the police and was subsequently arrested.[7] He claims his arrest was the result of prejudice due to his race and religion and now seeks compensation from the State of Louisiana and

---

[1] R. Doc. 4. Plaintiff styles his complaint as a "Notice of Removal," attaching to it an order to appear in court issued by the Municipal and Traffic Court for the State of Louisiana, Parish of Orleans, City of New Orleans.
[2] *Id.*
[3] R. Doc. 5 at 2-3.
[4] *Id.* at 4.
[5] *Id.*
[6] R. Doc. 6.
[7] R. Doc. 4 at 1.

1

the NOPD.[8] Magistrate Judge Knowles recommended that Plaintiff's complaint be dismissed for failure to state a claim and for seeking monetary relief from an immune defendant.[9] In his objection to Magistrate Judge Knowles' report, Plaintiff claims he "ha[s] sovereign immunity" and asks that any additional matters in this case be considered in a hearing before the Court.[10]

According to 28 U.S.C. § 1915(e)(2)(B), the Court, shall dismiss, *sua sponte,* "the case at any time if the court determines that -

> (B) the action or appeal-
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief."[11]

In this case, the NOPD is not an entity against which persons may file suit,[12] and the State of Louisiana is not considered a "person" capable of being sued under 42 U.S.C. § 1983.[13] Plaintiff's claims against the State of Louisiana are also barred by the Eleventh Amendment to the U.S. Constitution.[14] Persons cannot file suit against a state in federal court for either monetary damages or injunctive relief, unless a state waives the immunity provided to it by the Eleventh Amendment.[15] As the U.S. Court of Appeals for the Fifth

---

[8] *Id.*
[9] R. Doc. 5 at 4.
[10] R. Doc. 6 at 1. The Court assumes Plaintiff is objecting only to the recommendation that the case be dismissed, and not objecting to the granted motion allowing Plaintiff to proceed *in forma pauperis.*
[11] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); R. Doc. 5 at 2.
[12] R. Doc. 5 at 3; *See Everson v. N.O.P.D. Officers (Names Unknown),* Civ. A. No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); *Atkinson v. N.O.P.D.,* Civ. A. No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); *Banks v. United States*, Civ. A. No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Manley v. State of Louisiana*, Civ. A. No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).
[13] *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989); *Cronen v. Tex. Dep't of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992); *Tyson v. Reed,* Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010); R. Doc. 5 at 3.
[14] R. Doc. 5 at 3.
[15] *Cozzo v. Tangipahoa Parish Counsel-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *Tyson*, 2010 WL 360362, at *3; R. Doc. 5 at 3.

Circuit has previously explained, "[b]y statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court."[16] As neither the State of Louisiana nor the NOPD is capable of being sued by Plaintiff under 42 U.S.C. § 1983, the Court finds Plaintiff's complaint should be dismissed without prejudice.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[17]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff Sylvester L. Evans Jr.'s petition against the State of Louisiana and the NOPD be and hereby is **DISMISSED WITHOUT PREJUDICE**.[18]

**New Orleans, Louisiana, this 20th day of June 2018.**

                                        _____
                                        **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**

---

[16] *Cozzo*, 279 F.3d at 281; *See* La Rev. Stat. Ann. § 13:5106(A).
[17] R. Doc. 5.
[18] *Id.* at 4.